IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:22-CR-86 |
| | ) | |
| CHARLES HUNTER HOBSON | ) | |

### REPLY IN SUPPORT OF MOTION TO CONTINUE TRIAL DATE AND ALL PRETRIAL DEADLINES

COMES NOW the Defendant, Charles Hunter Hobson, by and through undersigned counsel, and submits his Reply to the Government's Response [ECF No. 99] to Mr. Hobson's Motion to Continue Trial Date and All Pretrial Deadlines [ECF No. 96] as follows:

In its Response, the Government concedes that a continuance of the April 21, 2025 trial date is appropriate but suggests that the trial date should be continued only <u>two weeks</u>, to begin on May 5, 2025. The Government also requests additional time to update the Court on its review of the case pursuant to the President's February 10, 2025 Executive Order and proposes that it have until March 18, 2025, to provide the Court with a status update. The Government's proposal, however, is unrealistic, unworkable, and unfairly leaves Mr. Hobson in a state of limbo as to the criminal charges pending against him. Instead, as set forth in Mr. Hobson's Motion to Continue, the existing April 21, 2025 trial date and all pretrial deadlines should be continued for at least 180 days, as directed in the Executive Order, to allow the Government to complete its review of the case.

First, if the trial date is not continued for at least 180 days from February 10, 2025, Mr. Hobson, his counsel, and the Court will be subjected to uncertainty and inconsistency in the Department of Justice's application of the February 10, 2025 Executive Order, likely causing

needless expense for the parties and undermining judicial economy. Recent events in another ongoing FCPA prosecution, United States of America v. Gordon Coburn et al., U.S.D.C., District of New Jersey, No. 2:19-cr-00120-MEF, illustrate this point. In Coburn, the district court entered an Order [ECF No. 818] on February 11, 2025, requiring the Government to state its position regarding the upcoming March 3, 2025 trial date in light of the President's February 10, 2025 Executive Order. On February 18, 2025, the Government responded [ECF No. 824] that it was engaging in a "prioritized review" of the case pursuant to the Executive Order but that the Government was nevertheless "preparing to proceed to trial on March 3, 2025." The Government provided further updates [ECF Nos. 832 and 834] on February 21, 2025, reporting that it intended to proceed to trial on March 3, 2025. Then, on March 4, 2025, after jury selection was delayed for an unrelated reason, John Giordano, the United States Attorney for the District of New Jersey, filed a letter with the court [ECF No. 956] (a copy of which is attached hereto as Exhibit A) on the eve of trial stating that he had just been appointed United States Attorney the previous day and requesting a "180-day adjournment of the trial" based on the February 10, 2025 Executive Order.

      A similar situation is likely to happen in this case. Currently, the U.S. Attorney's Office for the Western District of Pennsylvania is led by an acting United States Attorney. No permanent United States Attorney has yet been appointed. In a status call with the Court last week, counsel for the Government stated that they were ready to go forward with the trial as currently scheduled. Now, similar to the Coburn case, the Government is apparently not ready to go forward and proposes a two-week continuance of the trial date – while opposing any further continuance. When a permanent United States Attorney is appointed, the new leadership may seek a last-minute further continuance of the trial date in order to comply with the mandates of the February 10, 2025 Executive Order. Mr. Hobson and his counsel have not been provided any details regarding the

ongoing review of Mr. Hobson's case, and they should not be subjected to the uncertainty of a rapidly-approaching trial date while the Executive Order directs a halt in FCPA prosecutions for 180 days. There is no compelling reason for the Court to deny the requested 180-day continuance or to decline to stay the case for at least 180 days from February 10, 2025, as directed in the Executive Order, for the Government to complete its review. This is particularly true where the parties agree that the present April 21, 2025 trial date should not go forward.

Second, the Government's proposal to reset the trial date for May 5, 2025,[1] conflicts with undersigned counsel's schedule. Mr. Hobson's counsel, James H. Price, has a civil case scheduled for trial in the Eastern District of Tennessee beginning on May 20, 2025. Mr. Hobson disagrees with the Government's assessment that this case will take two weeks or less to try. The case has long been expected to take four weeks to try based on the parties' expectations, as conveyed to the Court, and the Government provides no explanation for why the four-week estimate should change at this late date. Mr. Hobson's counsel also has two different week-long cases scheduled for trial in June 2025, so any new trial setting would need to begin in July 2025 or later. However, based on the 180-day directive for a stay in the Executive Order, Mr. Hobson takes the position that the new trial setting should begin no earlier than August 9, 2025 (180 days from February 10, 2025).

As stated in Mr. Hobson's initial Motion to Continue, Mr. Hobson waives all rights under the Speedy Trial Act and asserts that all such Speedy Trial considerations will be satisfied if the trial in this matter is continued until August 9, 2025, or later. Accordingly, Mr. Hobson requests that the current trial date and all pretrial deadlines in the Court's Scheduling Order be continued for not less than 180 days.

---

[1] It is unclear whether the proposed May 5, 2025, trial date would be even acceptable to the Court, given the constraints of the Court's docket.

Respectfully submitted this 5th day of March, 2025.

        s/ Richard Gaines
        Richard L. Gaines
        BPR No. 015462
        625 Market St., Ste. 900
        Knoxville, TN 37902
        865/248-2468
        RichardLGaines@gmail.com

        s/ James H. Price
        James H. Price
        BPR No. 016254
        Lacy, Price & Wagner P.C.
        249 N. Peters Rd., Ste. 101
        Knoxville, TN 37923
        865/246-0800 (o)
        865/567-3039 (c)
        865/690-8199 (f)
        jprice@lpwpc.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on March 5, 2025, with the Clerk of Court by using the CMF/ECF System, which will send notice of electronic filing to all counsel of record.

        s/ Richard Gaines
        s/ James H. Price
        Counsel for Defendant

        Eric G. Olshan
        United States Attorney's Office
        700 Grant Street
        Suite 4000
        Pittsburgh, PA 15219
        412-894-7446
        Fax: 412-644-2644
        Email: eric.olshan@usdoj.gov

        Natalie Kanerva
        DOJ-Crm
        1400 New York Avenue NW

Washington, DC 20005
202-674-6617
Email: natalie.kanerva@usdoj.gov

Shy Jackson
DOJ-Crm
Fraud Service, Criminal Division
1400 New York Ave NW
Washington, DC 20005
202-616-5746
Email: shy.jackson@usdoj.gov

Leila Babaeva
DOJ-Crm
Fcpa Unit
1400 New York Avenue NW
Ste. 1100
Washington, DC 20009
202-616-2600
leila.babaeva@usdoj.gov

Nicole A. Stockey
DOJ-USAO
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
412-894-7431
nicole.stockey@usdoj.gov

Ligia Markman
DOJ-Crm
1400 New York Avenue NW
Washington, DC 20530
202-514-0095
ligia.markman@usdoj.gov

William Edward Schurmann
DOJ-Crm
Criminal Division, Fraud Section
1400 New York Ave., NW
Washington, DC 20530
202-616-0829
william.schurmann2@usdoj.gov